UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER STRONG,

    Plaintiff,

v.

UNKNOWN MILLER,

    Defendant.
_____/

Case No. 1:23-cv-566

Hon. Jane M. Beckering

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff Christopher Strong, a prisoner in the custody of the Michigan Department of Corrections (MDOC). The incident occurred at the MDOC's Michigan Reformatory (RMI). The sole defendant, Unknown Miller, has been identified as Corrections Officer (CO) Derek Miller. This matter is now before the Court on defendant's Motion for summary judgment on the basis of exhaustion (ECF No. 33). Plaintiff did not oppose the motion.[1]

    **I.**     **Background**

Plaintiff set forth the following allegations. After a temporary lockdown was lifted at RMI on May 19, 2020[2], CO Miller gave plaintiff permission to take a shower. Compl. (ECF No.

---

[1] The Court notes that plaintiff attempted to file a "verified" complaint. However, his verification is not in the form required by statute, 28 U.S.C. § 1746(2) ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)"). Rather, plaintiff altered and diluted the statutory form, stating "I the undersigned declare and verify under penalty of perjury under laws of the United States of America that I have read the foregoing and that it is true, correct, *to the best of my knowledge and belief*". Compl. (ECF No. 1, PageID.11) (emphasis added). Summary judgment cannot be granted on facts based upon a person's "belief." *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) ("statements made on belief or on information and belief, cannot be utilized on a summary-judgment motion") (internal quotation marks omitted).

[2] Plaintiff alleged that the correctional facility was on "lock down status" after a riot. Compl. at PageID.3.

1

1, PageID.3). Shortly thereafter, plaintiff's cell door opened and he went to the shower. PageID.4. During rounds, CO Miller saw plaintiff and questioned him about being in the shower when plaintiff was supposed to be at the Medline. *Id*. Miller ordered plaintiff out of the shower and then used excessive force, *i.e.*, Miller "banged" plaintiff's head against the wall, placed him in handcuffs, and dragged him out of the shower. *Id*. Plaintiff was placed in segregation where "he was thrown hard unto the ground and placed in a shower module." PageID.6. Plaintiff alleged that CO Miller violated his Eighth Amendment rights and seeks compensatory and punitive damages in the amount of $800,000.00. PageID.9-10.

## II. Summary Judgment

### A. Legal standard

CO Miller has moved for summary judgment for lack of exhaustion. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Strong did not file a response in opposition to the motion for summary judgment. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id*. at 405.

**B.    Lack of Exhaustion**

**1.    Exhaustion requirement**

The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See*

3

*Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218.

### 2.     MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances.  *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019).  A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ Q.  If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff.  *Id.* at ¶¶ Q and S.  The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original).  The prisoner must send the Step I grievance to the appropriate grievance coordinator.  *Id.* at ¶ W.  If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II

Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

### 3. Discussion

The record reflects that Strong filed one grievance related to the alleged May 19, 2020 incident, RMI-20-06-1017-28e ("1017"). *See* MDOC Step III Grievance Report (ECF No. 34-3). Grievance 1017 was rejected as untimely. *See* Grievance Rejection Letter (PageID.144) (stating, "Your Step I grievance . . . was received in this office on 6/15/2020 and was rejected for the following reason: This Grievance is untimely and rejected.") (emphasis omitted). The rejection was upheld at Steps II and III (PageID.140, 142). Based on this record, Strong did not properly exhaust a grievance to support his claims against defendant CO Miller. *Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, Miller's motion for summary judgment should be granted.

### III. Recommendation

For these reasons, I respectfully recommend that defendant Miller's motion for summary judgment on the basis of exhaustion (ECF No. 33) be **GRANTED** and that this case be **terminated**.

Dated: June 9, 2025                            /s/ Ray Kent
                                               RAY KENT
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).